(136 So. 348)

## STRAIN v. STATE.
### 7 Div. 791.

Court of Appeals of Alabama.
May 26, 1931.

Rehearing Denied June 16, 1931.

Frank B. Embry, of Pell City, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This is a bastardy proceeding wherein the prosecutrix, a single woman, charged, through regular proceedings, that this appellant is the father of her child. But two exceptions were reserved to the court's rulings upon the admission of evidence, and upon examination we find these exceptions so clearly without merit, they need no discussion.

As we view this case, it rests solely upon questions of fact. The conviction of appellant appears to be rested upon the uncorroborated testimony of the prosecutrix. That is true in most cases of this character. But unlike cases of seduction, no corroboration of the evidence of the prosecutrix is essential or necessary to a conviction. Here, by the testimony of the prosecutrix, though uncorroborated, the offense charged was fully made out and if the jury were reasonably satisfied of the truth of this witness' testimony, they were authorized and justified in returning the verdict finding the accused to be the real father of the bastard child in question. In other words, the jury must determine and declare where the truth lies, after a consideration of all the evidence. The appellate court is therefore, without authority to set aside a verdict where it is based upon evidence which is in conflict as to the material issue upon which the cause is tried and determined.

The measure of proof necessary to warrant or authorize a conviction in a case of this character is that the evidence must reasonably satisfy the jury of the guilt of the defendant, and to this extent the burden of so showing is on the prosecution.

Upon a thorough and attentive consideration of each insistence of error, we discover no ruling of the trial court which tended to erroneously affect the substantial rights of

the accused. The record proper is regular and also without error. The judgment of the lower court from which this appeal was taken is affirmed.

Affirmed.